Bernard Andre BODEUX, Plaintiff,

v.

UNITED STATES IMMIGRATION AND
NATURALIZATION SERVICE,
Defendant.

Civ. A. No. 86–1517–T.

United States District Court,
D. Kansas.

Sept. 1, 1987.

Michael D. Gragert, Gragert, Hiebert & Gray, Wichita, Kan., for plaintiff.

Benjamin L. Burgess, Jr., U.S. Atty., Stephen K. Lester, Asst. U.S. Atty., Wichita, Kan., for defendant.

## MEMORANDUM AND ORDER

THEIS, District Judge.

Bodeux brought this action pursuant to the Administrative Procedure Act, 5 U.S.C. § 706, to obtain review of the decision of the Regional Commissioner of the Immigration and Naturalization Service (INS) which affirmed the denial by the District Director of the INS of an application for the extension of Bodeux's H–1 visa. Bodeux also seeks declaratory and injunctive relief. The case is currently before the Court on defendant's motion to dismiss.

Bodeux is a citizen of France. He apparently came to the United States on an F–1 (student) visa. After finishing his Master of Business Administration degree at Wichita State University, Bodeux wished to take a job as Bakery-Deli Manager at Cafe Chantilly, a Wichita restaurant. Upon motion of Cafe Chantilly, INS granted Bodeux an H–1 visa until December 31, 1984. In late 1984 or early 1985, Cafe Chantilly petitioned for an extension of the H–1 visa. The District Director of the INS denied the petition on May 17, 1985. The District Director also denied the employer's motion to reconsider on August 26, 1985. Cafe Chantilly appealed to the Regional Commis-

sioner of the INS, who dismissed the appeal.

■ The burden of proof is on an individual, such as Bodeux, to establish his eligibility for an H–1 visa. *See* 8 U.S.C. § 1361. An H–1 visa is one granted to a nonimmigrant alien "having a residence in a foreign country which he has no intention of abandoning ... who is of distinguished merit and ability and who is coming temporarily to the United States to perform services of an exceptional nature requiring such merit and ability, ..." 8 U.S.C. § 1101(a)(15)(H)(i). "The alien may satisfy the requirement of 'distinguished merit and ability' by being a member of the 'professions,' ... or by being 'preeminent is his field of endeavor'...." *Occidental Engineering Co. v. INS,* 753 F.2d 766, 767 (9th Cir.1985)(citations omitted). "Professions" is defined as including, but not limited to, architects, engineers, lawyers, physicians, surgeons, and teachers. 8 U.S.C. § 1101(a)(32). In addition, "[t]o determine whether an occupation not enumerated in the statute constitutes a 'profession,' the INS considers if the position requires 'a prolonged course of specialized instruction and study.'" *Occidental Engineering,* 753 F.2d at 767 (citations omitted).

The regulations at 8 C.F.R. Part 214 set out the requirements for the admission, extension, and maintenance of status for all nonimmigrant aliens. The regulations in effect at the time of the agency action provide that an alien applying for an H–1 visa must be the beneficiary of an approved or extended visa petition. 8 C.F.R. § 214.2(h)(1) (1985). The petitioner must submit with the petition certain documentation, including affidavits, degrees, diplomas, "and any other evidence attesting to the fact that the beneficiary is a person of distinguished merit and ability and that the services the beneficiary is to perform require a person of such merit and ability." *Id.* § 214.2(h)(2)(i). However, no such documentation is required by the regulations when the petitioner seeks a visa extension:

A visa petition extension may be authorized in increments of not more than 12 months each, under the same terms and conditions that applied to the original approval. If there is no change in the previously approved visa petition, an extension may be requested by submitting Form I–129B. Supporting documents are not required unless requested by the Service.

*Id.* § 214.2(h)(12). The record indicates that the required Form I–129B was submitted. The record also indicates that the INS never requested any supporting documentation at any stage of the administrative process.

The INS District Director denied the petition for extension of the visa on the grounds that Cafe Chantilly failed to prove that Bodeux was employed in a position that required a professional or a person of distinguished merit and ability and that the job was a temporary one. Cafe Chantilly filed a motion for reconsideration, but submitted no new evidence. As a result, the District Director denied the motion for reconsideration, on the same grounds as the denial of the visa petition. Cafe Chantilly appealed to the Regional Commissioner of the INS. The Regional Commissioner dismissed the appeal because Cafe Chantilly failed to prove both that the position warranted "professional" status and that its need for the services of Bodeux or its intent with regard to employment of Bodeux were truly temporary in nature.

■ The Court's review of the decision of the INS is very limited. Under the Administrative Procedure Act, the administrative decision is to be upheld unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). "The INS interpretation of the Immigration and Nationality Act 'is entitled to deference and should be accepted unless demonstrably irrational or clearly contrary to the plain meaning of the statute.'" *Occidental Engineering Co. v. INS,* 753 F.2d 766, 768 (9th Cir.1985).

■ A review of the administrative record in this case demonstrates that the INS abused its discretion by failing to fol-

low its own regulations regarding the need for supporting documentation. The regulations clearly state that the petition for extension of an H–1 visa need not include supporting documents unless requested by the INS. 8 C.F.R. § 214.2(h)(12). The record establishes that the INS never requested any supporting documents. The record also establishes that the INS denied the petition because of a lack of documentation. The INS continues to maintain the position that the petition "failed to include" the documentation required by the regulations. The record thus establishes that the INS failed to follow its own regulations.

As a general rule, "[a]n agency's interpretation of its own regulations is 'of controlling weight unless it is plainly erroneous or inconsistent with the regulation.'" *City of Aurora v. Hunt,* 749 F.2d 1457, 1461–62 (10th Cir.1984). If the INS's actions here can be considered an interpretation of its regulations, its interpretation is inconsistent with its regulation. However, here it appears that instead of interpreting its regulations, the INS ignored them. "An agency abuses its discretion if it fails to follow its own regulations and procedures." *Moret v. Karn,* 746 F.2d 989, 992 (3d Cir.1984). Because of this abuse of discretion, the Court must set aside the action of the INS. *See* 5 U.S.C. § 706(2)(A). The case must be remanded to the INS "to give it a chance to apply the correct standard." *Lyden v. Howerton,* 783 F.2d 1554, 1557 (11th Cir.1986). On remand, the INS will have the opportunity to request the documentation that it failed to request initially.

IT IS THEREFORE ORDERED that the Immigration and Naturalization Service's motion to dismiss the complaint is hereby denied.

IT IS FURTHER ORDERED that the decision of the INS is hereby reversed and the case remanded to the INS for further proceedings consistent with this memorandum and order.