**CDI INFORMATION SERVICES, INC. and Prakash Vaideeswaran, Plaintiffs,**

v.

**Janet RENO, in her official capacity as Attorney General of the United States; Dorris Meissner, in her official capacity as Commissioner of the Immigration and Naturalization Service (INS); and Natalie Vedder, in her official capacity as Director of the Nebraska Service Center of the INS, Defendants.**

No. CIV. 99–40169.

United States District Court, E.D. Michigan, Southern Division.

June 27, 2000.

Dehal Tao, Ann Arbor, MI, for CDI Information Services, Incorporated, Prakash Vaideeswaran, plaintiffs.

Nancy A. Abraham, U.S. Attorney's Office, Flint, MI, for Janet Reno, Doris Meissner, Natalie Vedder, defendants.

### ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS SEEKING REVERSAL OF THE INS'S ADMINISTRATIVE DECISION, STYLED AS A MOTION FOR SUMMARY JUDGMENT; AND GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS SEEKING AFFIRMANCE OF THE INS'S ADMINISTRATIVE DECISION

GADOLA, District Judge.

Presently before this Court is a motion for summary judgment filed by plaintiff CDI Information Services, Inc. (hereinafter "CDI").[1] Said motion was filed November 19, 1999. The above-entitled action is an appeal from an administrative decision of the United States Immigration and Naturalization Service (hereinafter "INS"). The instant motion shall be construed as plaintiff's motion for judgment on the pleadings seeking *reversal* of the INS's administrative decision.[2] Defendants responded to the instant motion on December 3, 1999. In their response, de-

---

[1]. The instant motion was filed by plaintiff CDI only. However, after the filing of this motion, Prakash Vaideeswaran was added as a party plaintiff to the instant litigation pursuant to a stipulation and order entered November 29, 1999. The case caption has been amended to allow Mr. Vaideeswaran's name to appear as a party plaintiff herein.

[2]. It is well-settled that "a motion for summary judgment under rule 56 of the Federal Rules of Civil Procedure...makes no procedural sense when a district court is asked to undertake judicial review of administrative action." *Lodge Tower Condominium Ass'n v. Lodge Properties, Inc.*, 880 F.Supp. 1370, 1374 (D.Co.1995). "Such a motion is designed to isolate factual issues on which there is no genuine dispute...[a]gency action, however, is reviewed, not tried." *Id.* The appropriate motion in such cases is a motion for judgment on the pleadings seeking either reversal or affirmance of the administrative agency's decision.

fendants request that "the court deny plaintiff's motion for summary judgment and enter judgment in favor of defendants." Defendants' brief, p. 11. Therefore, the Court will construe defendant's response as a cross motion for judgment on the pleadings seeking *affirmance* of the INS's administrative decision. A reply brief was submitted by plaintiff on December 15, 1999. Following submission of the parties' briefs, the Court issued an order to show cause which expressed the Court's concerns relating to whether it may exercise appellate review in the instant case. On February 1, 2000, plaintiffs filed a brief in response to the Court's order to show cause. On February 25, 2000, the government filed its response to plaintiffs' brief. The government *concurred* with plaintiffs that this Court does possess jurisdiction over plaintiffs' claims. In a order issued March 20, 2000, this Court deemed the show cause order satisfied, finding that it does have subject-matter jurisdiction over plaintiffs' appeal.

For the reasons set forth below, the Court will **DENY** plaintiff's motion for summary judgment, construed as plaintiff's motion for judgment on the pleadings, and will grant defendants' cross motion for judgment on the pleadings.[3]

## I. FACTUAL BACKGROUND

On November 17, 1998, plaintiff CDI filed an H1–B non-immigrant petition with the INS on behalf of its potential employee, Prakash Vaideeswaran. Mr. Vaideeswaran, at the time of the filing of the petition, was employed by another company, "Computer People, Inc." Plaintiff CDI's petition was received by INS on November 20, 1998. *See* Exh. B to plaintiff's brief, Form I–797 Notice of Action/Receipt Notice. Through the petition, plaintiff was requesting an extension of the visa status which had already been granted. Said extension was requested pursu-

ant to 20 C.F.R. § 655.700 and 8 C.F.R. § 248.3. Attached to the petition was a payslip dated November 6, 1998, required under the provisions of 8 C.F.R. § 214.1(c)(4). *See* Exh. C to plaintiff's brief.

Plaintiff claims that the payslip dated November 6, 1998 was the employee's most recent payslip at the time of filing. On December 29, 1998, however, the INS sent a "Request for Evidence" to plaintiff CDI requesting "the beneficiary's last payslip or pay voucher." *See* Exh. D to plaintiff's brief. The "Request for Evidence" also provided that "[w]here state taxes are withheld, the evidence submitted should also clearly identify the state." *Id.* In response to said request, plaintiff CDI sent copies of the employee's payslips dated November 20, 1998, December 31, 1998 and January 15, 1999, allegedly demonstrating that the employee had continuously maintained his status. *See* Exh. E to plaintiff's brief.

On March 24, 1999, the INS denied plaintiff's H1–B non-immigrant petition. *See* Exh F to plaintiff's brief. The reasoning for the denial is summarized by the following language contained in a letter dated March 24, 1999 from INS to plaintiff CDI:

> The copy of the payslip for the pay period ending December 25, 1998 which was issued by the beneficiary's current employer and submitted in response to this Service's request for additional evidence indicates that the beneficiary incurred or was credited with moving expenses in the amount of $1,578 and that state withholdings changed from the State of Oregon to the State of Hawaii.

> Since it appears that the beneficiary has been relocated by his current employer, it may be concluded that his working conditions have changed significantly.

---

3. Oral argument will not significantly aid in the disposition of the plaintiff's motion. Accordingly, pursuant to E.D. Mich. LR

7.1(e)(2), the instant motion will be decided upon the briefs submitted.

The beneficiary in this case has failed to maintain his status previously accorded because he engaged in unauthorized employment in a state other than Oregon.

*Id.*

## II. LEGAL STANDARD

■ The district court's review of an administrative decision of the INS is "very limited." *Bodeux v. I.N.S.*, 668 F.Supp. 1452, 1453 (D.Kan.1987). "Under the Administrative Procedure Act, the administrative decision is to be upheld unless it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Id.* (citing 5 U.S.C. § 706(2)(A)). It is also well-settled that the INS's interpretation of the Immigration and Nationality Act "'is entitled to deference and should be accepted unless demonstrably irrational or clearly contrary to the plain meaning of the statute.'" *Id.* (quoting *Occidental Engineering Co. v. I.N.S.*, 753 F.2d 766, 768 (9th Cir.1985)).

■ The "arbitrary and capricious" standard is a narrow one. *Virginia Agr. Growers Ass'n. Inc. v. Donovan*, 774 F.2d 89, 93 (4th Cir.1985). A reviewing court may not substitute its own judgment for that of the agency due to "the agency's unique expertise and policymaking prerogatives." *Martin v. Occupational Safety and Health Review Comm'n*, 499 U.S. 144, 151, 111 S.Ct. 1171, 113 L.Ed.2d 117 (1991). It is well-established that "'an agency's construction of its own regulations is entitled to substantial deference.'" *Id.* at 150, 111 S.Ct. 1171 (citing *Lyng v. Payne*, 476 U.S. 926, 939, 106 S.Ct. 2333, 90 L.Ed.2d 921 (1986); accord, *Udall v. Tallman*, 380 U.S. 1, 16–17, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965)). In situations where "'the meaning of [regulatory] language is not free from doubt,' the reviewing court should give effect to the agency's interpretation so long as it is 'reasonable.'" *Id.* (citing *Ehlert v. United States*, 402 U.S. 99, 105, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971)).

## III. ANALYSIS

Plaintiff CDI first argues that judgment on the pleadings is appropriate because the INS denied its application based on a regulation, 20 C.F.R. § 655.735(b)(4), which was previously struck down by a federal court. *See Nat'l Assoc. of Manufacturers v. U.S. Dep't of Labor*, 1996 WL 420868, Civil No. 95–0715(RCL) (D.D.C. July 22, 1996). Plaintiff further argues that judgment on the pleadings is appropriate even under Section 655.735(b)(4) because the employer has no obligation to file an amendment to the H1–B application if the placement is within a cumulative total of 90 workdays. Plaintiff's third argument for judgment on the pleadings is that, at the time of filing on November 17, 1998, the employee had maintained his status. According to plaintiff, 8 C.F.R. § 214.1(c)(4) clearly provides that whether a particular case shall be approved or denied depends on whether a person has maintained his status *before* the petition was filed.

In response, defendants maintain that the INS did not rely on Section 655.735(b)(4), which they acknowledge was invalidated by the court in *Nat'l Assoc. of Manufacturers v. U.S. Dep't of Labor*, *supra*. Defendants argue that Section 655.735(b)(4) applies only to the temporary placement of non-immigrant workers and has no application to "permanent transfers." According to defendants, there is nothing in the record which would support plaintiff's argument that the employee's transfer was only temporary. Lastly, defendants contend that the INS's decision to deny H1–B status was not arbitrary and capricious, plaintiff CDI having failed to produce any evidence that the employee's transfer to the State of Hawaii was temporary or that he had continued to maintain his authorized status during the review process.

The Court will now turn to plaintiff's first two arguments concerning the INS's alleged reliance upon an invalidated regulation, 20 C.F.R. § 655.735(b)(4). As

plaintiff correctly points out, this regulation was invalidated in *Nat'l Assoc. of Manufacturers v. U.S. Dep't of Labor, supra*. In that case, the court examined Section 655.735(b)(4), which imposes a 90–day limit on the temporary placement of non-immigrant workers. The court also discussed Section 655.735(b)(3), which governs payments to non-immigrant workers on temporary placement of wages, federal travel and per diem reimbursement. The district court in *Nat'l Assoc. of Manufacturers* found that these regulations were legislative in nature and thus subject to the notice and comment requirements of the Administrative Procedures Act. *Id.* at *16 and *25.

A review of the denial letter sent by the INS to plaintiff, however, reveals that the INS did *not* rely upon the invalidated regulation in making its decision to deny plaintiff's application. *See* Exh. F to plaintiff's brief. In that letter, the only regulations cited were 8 C.F.R. §§ 214.1(c)(4) and 214.1(e). Section 214.1(c)(4) provides, in pertinent part, that "[a]n extension of stay may not be approved for an applicant who failed to maintain the previously accorded status...." Section 214.1(e) provides, in pertinent part, that "a nonimmigrant who is permitted to engage in employment may engage only in such employment as has been authorized. Any unauthorized employment by a nonimmigrant constitutes failure to maintain status...." Since the INS did *not* rely on the invalidated regulation in reaching its decision, the Court must reject plaintiff's first two arguments for judgment on the pleadings.

■ Turning to plaintiff's third argument, i.e. that the INS abused its discretion in denying plaintiff's application, defendants maintain that the denial was reasonable based upon the INS's determination that Mr. Vaideeswaran's transfer from Oregon to Hawaii was "permanent." If a nonimmigrant's transfer outside of his authorized area of employment is "permanent" then the employer must,

prior to the permanent transfer, seek approval from the INS and obtain new labor certification from the United States Department of Labor. According to defendants, "[t]he INS decision was based on the fact that Prakash Vaideeswaran's transfer was permanent." Defendants' brief, p. 8. Defendants further contend that "[t]here is nothing in the administrative record to support plaintiff's argument that the transfer was only temporary." *Id.*

■ The Court has duly reviewed the administrative record in the case at bar. After such review, the Court is of the opinion that the INS did *not* act arbitrarily and capriciously in finding that Mr. Vaideeswaran's transfer was permanent. Plaintiff CDI relies upon its petition, dated November 13, 1998, which states that "Mr. Vaideeswaran is being offered temporary employment in the position of Software Engineer." Exh. B to plaintiff's reply brief. However, this statement of "temporary employment" does not relate to whether Mr. Vaideeswaran's *transfer* to Hawaii was "temporary" or "permanent" within the context of the entire employment relationship. If a non-immigrant's transfer outside the authorized area of employment is "permanent" then, as stated above, the employer is obligated to obtain labor certification from the Department of Labor. Failure to obtain such certification will result in the employee being considered "out of status."

The Court finds that the evidence in the administrative record *supports* the INS's decision that Mr. Vaideeswaran was "out of status" by engaging in employment outside of the State of Oregon. It must be emphasized that the Court may not substitute its own judgment for that of the agency, but rather must determine whether the agency acted "reasonably" in making its decision. *See Martin v. Occupational Safety and Health Review Comm'n*, 499 U.S. 144, 150–51, 111 S.Ct. 1171, 113 L.Ed.2d 117 (1991).

Mr. Vaideeswaran's payslip for the period ending October 30, 1998 [check dated of November 6, 1998] had an itemization of $52.32 classified as "moving". *See* Admin. Record, pp. 18 & 25. The examiner found this classification to be evidence that Computer People, Inc. had relocated Mr. Vaideeswaran and had failed to file to amend Vaideeswaran's working conditions to allow for employment outside the State of Oregon, in violation of the Immigration laws. As a result, on December 29, 1998, the INS requested that *additional evidence* be submitted regarding whether Mr. Vaideeswaran had maintained his status as an H1–B nonimmigrant worker. *See* Admin. Record, pp. 20–21.

The record further reveals that plaintiff CDI complied with the request for additional evidence. On January 26, 1999, plaintiff CDI sent copies of the employee's payslips dated November 20, 1998, December 31, 1998 and January 15, 1999. *See* Admin. Record, pp. 25–28. The payslip for the period ending November 13, 1998 [check dated November 20, 1998] has in addition to the moving expenses, an itemization for $649.60 classified as "taxable reloc". *See* Admin. Record, p. 26. The payslip for the period ending December 25, 1998 indicates that Mr. Vaideeswaran paid *Hawaii* state income tax of $175.20 and that his "year to date" taxable relocation expenses totaled $1,578.00. *See* Admin. Record, p. 27.

In light of the foregoing, the INS did not abuse its discretion in denying plaintiff CDI's petition. Plaintiff had the burden, during the processing of its petition, of showing that the beneficiary (i.e., Mr. Vaideeswaran) is a "qualified employee" under the Immigration laws. Plaintiff CDI did not meet this burden. Neither plaintiff nor Computer People, Inc. produced any evidence demonstrating that Mr. Vaideeswaran's transfer to Hawaii was temporary or that he had continued to maintain his authorized status during the review process. Accordingly, the Court is constrained to hold that the evidence in the administrative record was sufficient to allow the INS to deny plaintiff CDI's petition based on the agency's assessment that Mr. Vaideeswaran was "out of status" as a result of unauthorized employment.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff CDI Information Services, Inc.'s motion for judgment on the pleadings seeking *reversal* of the INS's administrative decision, styled as a motion for summary judgment, filed November 19, 1999, be **DENIED;**

**IT IS FURTHER ORDERED** that defendants' cross motion for judgment on the pleadings seeking *affirmance* of the INS's administrative decision, contained within their responsive brief filed December 3, 1999, be **GRANTED;**

**IT IS FURTHER ORDERED** that judgment be entered in favor of defendants Janet Reno, Dorris Meissner, and Natalie Vedder and against plaintiffs CDI Information Services, Inc. and Prakash Vaideeswaran; The Clerk of Court is directed to enter said judgment forthwith.

**SO ORDERED.**