**Jerry Arthur JEWETT, Plaintiffs,**

v.

**COMMISSIONER OF INTERNAL REVENUE, United States, Defendants.**

**No. 3:03 CV 7465.**

United States District Court, N.D. Ohio.

Oct. 7, 2003.

Jerry A. Jewett, Fremont, OH, pro se.

Richard C. Ambrow, U.S. Department of Justice, Washington, DC, for Defendants.

## MEMORANDUM OF OPINION

KATZ, District Judge.

On August 6, 2003, a complaint was filed in this court by *pro se* plaintiff Jerry Jewett. Upon initial review, the court notified the plaintiff that there were no facts alleged in the complaint which could be construed to set forth a valid federal claim for relief. He was ordered to file an amended complaint setting forth a valid claim within 15 days of the court's September 8, 2003 order or the complaint would be subject to dismissal. *Catz v. Chalker,* 142 F.3d 279 (6th Cir.1998); *Tingler v. Marshall,* 716 F.2d 1109, 1112 (6th Cir.1983). Mr. Jewett did not file an amended complaint by the court's September 23, 2003 deadline, but instead filed a Motion to Vacate Order Filed on September 24, 2003, wherein he seeks to vacate this court's September 8, 2003 Order directing him to file an amended complaint. For the reasons set forth below, Mr. Jewett's Motion to Vacate is denied and this action is dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND

In a sixteen page letter from Mr. Jewett to the I.R.S., dated January 23, 2001, he requested, *inter alia,* a Collection Due Process hearing regarding the 1997 tax year and a federal tax lien allegedly issued against him in the amount of $19,341.00. Mr. Jewett asserted that the I.R.S. could not prove it ever issued a Final Notice–Notice of Intent to Levy and Notice of Your Right to a Hearing for any year prior to 1997. As such, he claimed that "the I.R.S. must either grant me a Collection Due Process Hearing concerning the Federal Tax Lien, or withdraw the Federal Tax Lien immediately." (Letter from Jewett to I.R.S. of 1/23/01, at 1.) He added that he had no outstanding federal income tax liability for the tax year ending December 31, 1997 and demanded that the I.R.S. adjust any records indicating that he had an outstanding $8,977.05 tax balance.

In a letter dated February 2, 2001, I.R.S. Tax Examiner Phyllis Jovanovich advised Mr. Jewett that, procedurally, he was not entitled to a CDP hearing because a Final Notice–Notice of Intent to Levy and Notice of Your Right to a Hearing had not been issued for the 1997 tax year. She added that while no lien was filed against Mr. Jewett for the 1997 tax year, any liens which were filed for other tax balances due for other tax years would remain in effect until paid in full.

On June 8, 2002, I.R.S. Operations Manager R.M. Owens issued a Final Notice–Notice of Intent to Levy and Notice of Your Right to a Hearing (Letter 1058) to Mr. Jewett. The Notice advised Mr. Jewett that he had not paid federal taxes. He was notified that the I.R.S. intended to levy under Internal Revenue Code (IRC) 6331 and that he had the right to receive appeal consideration under IRC 6330. An Account Summary attached to the Notice outlined a $49,157.33 "1040A" and "1040" income tax liability for tax years 1991–1997, as well as civil penalties totaling $6,190.19 for tax years 1991–1998 and 2000.

Mr. Jewett responded to the I.R.S. in a letter dated June 26, 2002 and requested a CDP hearing. He demanded that the hearing be held at the I.R.S. office in Toledo, Ohio because it would otherwise cause a "hardship" for him to travel from the Toledo, Ohio area to Cincinnati, Ohio. He also advised that he would bring an audio recording device, as well as a stenographer to record and transcribe "what is said by all persons present at my collection due process hearing." (Letter from Jewett to I.R.S. of 6/26/02, at 1.) On the Form

12153, Request for a Collection Due Process Hearing, attached to his June 26, 2003 letter, Mr. Jewett disputed the I.R.S.'s actions as follows:

The I.R.S. cannot lawfully proceed with an enforced collection action relating to a notice of lien because the I.R.S. has not complied with applicable laws and administrative procedures, the collection procedures are inappropriate and illegal, there is no liability for the taxes and penalties at issue and notice required by 6320 was not sent by the Secretary.

(Form 12153 of 6/26/02 at 1)

Mr. Jewett further advised that he would provide the I.R.S. "with the additional 57 reasons why the I.R.S. cannot lawfully engage in any enforced collection action against me for the sums noted above, in addition to the reasons provided in the attached Form 12153" (Letter from Jewett to I.R.S. of 6/26/0, at 1), once the CDP hearing was scheduled.

I.R.S. Settlement Officer Douglas Kane notified Mr. Jewett, in a letter dated December 18, 2002, that the CDP hearing he requested would be held at the Toledo, Ohio office on January 28, 2003. The hearing was scheduled to address the 1991—1998 and 2000 tax period. Mr. Kane advised petitioner that the CDP hearing would be informal and that recording by an audio machine, video machine, or court reporter would not be permitted.

Mr. Jewett did not attend the scheduled CDP hearing. The first written explanation for his absence is a letter dated February 10, 2003 notifying the I.R.S. that he would not attend the hearing on January 28, 2003. He stated that the basis for his refusal to attend the hearing hinged on the I.R.S.'s unwillingness to allow him to tape record the CDP hearing, as well as the I.R.S. appeals officer's failure to provide a copy of "his pocket commission and a copy of the delegation of authority from the Secretary of Treasury authorizing him to conduct the hearing and issue the decision." (Letter from Jewett to I.R.S. of 2/10/03, at 1.) Mr. Jewett asserted his continued entitlement to a due process hearing regarding the 1996 and 1997 tax years because "the I.R.S. cannot prove that the so-called 'final notice of intent to levy' and the 'notice of lien' which the I.R.S. claims it sent to Jerry Jewett was signed by the Secretary of Treasury or his authorized delegate . . . ." (Letter from Jewett to I.R.S. of 2/10/03, at 1–2.) He concluded that because the I.R.S. did not provide him notice in the manner required by law, the entire hearing procedure must be decided in his favor. Further, he directed the I.R.S. to comply with "the Judge in *Mesa Oil, Inc. v. United States* to 'enter findings of fact and conclusions of law in {your} Notice of Determination, including a review of those arguments raised by each side at the appeals hearing, those factors taken into consideration in the final conclusion, and citation to support statutes and regulations.'" (Letter from Jewett to I.R.S. of 2/10/03, at 2.)

On March 20, 2003, the I.R.S. Appeals Office issued two Notices of Determination to Mr. Jewett. The Notices addressed the collection due process hearing held regarding his income tax for the 1991–1997 tax period and civil penalties for the 1991–1998 and 2000 tax periods. In both cases, Appeals Team Manager Diane Villa determined that the proposed levy be sustained and that the I.R.S. complied with code and procedural requirements in collecting the tax and penalties.

Mr. Jewett filed a petition before the United States Tax Court on April 19, 2003. In his petition he asserted that both Determinations were erroneous because he is not liable for the taxes and penalties at issue, the Appeals Team Manager did not comply with applicable laws and administrative procedures, the collection proce-

dure was inappropriate and illegal, and no notice of deficiency or final notice of intent to levy was sent to him by the Secretary of the Treasury or an authorized delegate.

On May 20, 2003, the I.R.S. filed a Motion to Dismiss for Lack of Jurisdiction in the tax case. *Jewett v. I.R.S.*, No. 6111–03L (U.S. Tax Ct.2003). In its motion, the I.R.S. sought to dismiss Mr. Jewett's case for lack of jurisdiction only "insofar as it relates to the notice of determination issued on March 20, 2003, with respect to civil penalties issued under I.R.C. § 6702 for the taxable years ending December 31, 1991, December 31, 1992, December 31, 1993, December 31, 1994, December 31, 1995, December 31, 1996, December 31, 1997, December 31, 1998, and December 31, 2000" since the Tax Court does not have jurisdiction of the underlying tax liability. In its motion, the I.R.S. acknowledged that "[t]he Tax Court does have jurisdiction over the portion of this case dealing with the appeal of the Determination Letter, with respect to Form 1040 liabilities, issued on March 20, 2003, concerning the 1991, [through] 1997 income tax liabilities." (*Jewett v. I.R.S.*, No. 6111–03L, Mot. Dismiss of 5/20/03, at 3.)

Chief Judge Thomas B. Wells of the United States Tax Court granted the I.R.S.'s motion on July 9, 2003, and dismissed the case to the extent the court lacked jurisdiction over section 6702 penalties. The court provided Mr. Jewett an additional 30–day period within which to file an appeal to this court. He timely filed his present petition on August 6, 2003.

Claiming this court's jurisdiction pursuant to 26 U.S.C. §§ 7402 and 6330, as well as 28 U.S.C. §§ 1331, 1340, and 1345, Mr. Jewett now appeals the Notice of Determination issued by the I.R.S. as it relates to civil penalties pursuant to 26 U.S.C. § 6702 for the 1991–1998 and 2000 tax periods. As a basis for challenging the IRS's determination to levy, Mr. Jewett asserts that he did not receive an adequate collection due process hearing because he was not permitted to tape record the collection due process hearing.

### Law and Analysis

#### I. Standard of Review

Sections 6320 and 6330(d) of the I.R.C. provide for judicial review of an Appeals Office Determination. Although § 6330 does not prescribe the standard of review the district court must apply in reviewing the I.R.S.'s administrative determinations, the legislative history of the provision addresses this issue. In particular, H. Conf. Rept. 105–599 (1998) states, "Judicial review. The conferees expect the appeals officer will prepare a written determination addressing the issues presented by the taxpayer and considered at the hearing.... Where the validity of the tax liability was properly at issue in the hearing ... The amount of the tax liability will in such cases be reviewed by the appropriate court on a de novo basis. Where the validity of the tax liability is not properly part of the appeal, the taxpayer may challenge the determination of the appeals officer for abuse of discretion....." *See Sego v. Commissioner*, 114 T.C. No. 37, 2000 WL 889754 (2000) (setting out the same standard). Since there is no evidence Mr. Jewett properly challenged his underlying tax liability, the administrative decision is reviewed for abuse of discretion.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), a "district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil procedure when the allegations of a complaint are totally implausible, attenuated,

unsubstantial, frivolous, devoid of merit or no longer open to discussion." *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir.1999); *see Hagans v. Lavine,* 415 U.S. 528, 536–37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous claims divest the district court of jurisdiction); *In re Bendectin Litig.,* 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims).

## II. Due Process Provisions

■ Sections 6320 and 6330 of the Internal Revenue Code require the I.R.S. to provide a taxpayer an opportunity to request a collection due process hearing upon the filing of a notice of federal tax lien or before the issuance of an IRS levy. *See* 26 U.S.C. § § 6320, 6330. These sections also provide for a limited judicial review of the collection due process hearing. *See* 26 U.S.C. § 6320(c) and § 6330(d). The scope of this court's review under § 6330(d) is limited to issues properly raised and considered during the collection due process hearing. *See* 26 C.F.R. § 301.6330–1(f)(2), Q–F5 & A–F5; *Konkel v. Commissioner of Internal Revenue,* 2000 WL 1819417, *4, 86 A.F.T.R.2d 2000–6939, 2001–2 USTC P 50,520 (M.D.Fla.Nov.6, 2000).

During the collection due process hearing, section 6330(c) provides that a person may raise any relevant issue relating to the unpaid tax or the proposed levy, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise. *See* 26 U.S.C. § 6330(c)(2)(A). The taxpayer may also raise challenges to the existence or amount of the underlying tax liability for any tax period if the taxpayer did not receive any statutory notice of deficiency or did not otherwise have an opportunity to dispute the tax liability. *See* 26 U.S.C. § 6330(c)(2)(B). During the appeals hearing before the I.R.S., however, the hearing officer is not required to consider moral, religious, political, and Constitutional issues. *See* 26 C.F.R. § 601.106(b).

Although Mr. Jewett voluntarily declined to attend his CDP hearing, the Appeals Officer indicated that he requested that a Determination issue based on information he previously submitted. His two major arguments with regard to § 6702 penalties, are (1) that he is not liable for civil penalties because he is not liable for income tax and (2) the Levy Notice was invalid because the Secretary of Treasury did not sign the document. Neither position finds any support in relevant case law.

■ Under the Q & A–D6 of both sections 301.6320–1(d)(2) and 301.6330–1(d)(2), the Code of Federal Regulations provides that in the context of CDP Appeals hearings the I.R.S. is not required to record any taxpayer conversation with an Appeals officer. When appropriate, the I.R.S. may independently choose or permit a taxpayer to do so, but, under the regulations, the I.R.S. is not be required in to record all CDP Appeals hearings, nor is the I.R.S. required to permit taxpayers to do so. Procedure and Administrative regulations sections 301.6320–1(d)(2) and 301.6330–1(d)(2) provide, identically, as follows:

A–D6. The formal hearing procedures required under the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.,* do not apply to CDP hearings. CDP hearings are much like Collection Appeal Program (CAP) hearings in that they are informal in nature and do not require the Appeals officer or employee and the taxpayer, or the taxpayer's representative, to hold a face-to-face meeting. A CDP hearing may, but is not

required to, consist of a face-to-face meeting, one or more written or oral communications between an Appeals officer or employee and the taxpayer or the taxpayer's representative, or some combination thereof. A transcript or recording of any face-to-face meeting or conversation between an Appeals officer or employee and the taxpayer or the taxpayer's representative is not required. The taxpayer or the taxpayer's representative does not have the right to subpoena and examine witnesses at a CDP hearing.

Contrary to Mr. Jewett's position, the United States District Court of Colorado's unpublished opinion in *Mesa Oil, Inc. v. United States,* 2000 WL 1745280, *6–7, 86 A.F.T.R.2d 2000–7312, 2001–1 USTC P 50,130 (D.Colo.Nov.21, 2000), does not mandate that a taxpayer is entitled to a tape record all CDP hearings. *Mesa* did not involve the assessment of a frivolous tax penalty. With respect to the assessment or collection of the penalties provided by sections 6700, 6701, and 6702, deficiency procedures do not to apply. 26 U.S.C. § 6703.

■ Mr. Jewett does not dispute that he submitted Form 1040 for 1991–1998 and 2000 with zero taxable income. He attached statements to his returns claiming that his " 'zero income' returns should be accepted because no part of the Internal Revenue Code establishes an income tax liability, nor makes you liable for income tax." (Attachment to Letter 3194 at 2, I.R.S. Notice of Determination.) It is an undisputed that wages are income, 26 U.S.C. § 61, upon which plaintiff owes a tax, 26 U.S.C. § 1, and many courts have found arguments to the contrary to be frivolous long before Mr. Jewett filed the tax returns at issue. *See e.g., Sisemore v.*

*United States,* 797 F.2d 268, 270 (6th Cir. 1986); *Coleman v. Commissioner,* 791 F.2d 68, 70 (7th Cir.1986); *Sullivan v. United States,* 788 F.2d 813, 815 (1st Cir. 1986); *Olson v. United States,* 760 F.2d 1003, 1005 (9th Cir.1985); *In re Hopkins,* 192 B.R. 760, 762–63 (D.Nev.1995); and other cases too numerous to cite. On their face, Mr. Jewett's tax returns were substantially incorrect and frivolous, thus making him liable for the frivolous return penalty. 26 U.S.C. § 6702. Accordingly, the assessments of the frivolous return penalties are valid.

Based on the foregoing, Mr. Jewett's complaint is dismissed. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

## *JUDGMENT ENTRY*

This court having contemporaneously filed its Memorandum of Opinion in this case, it is therefore ORDERED that this action is dismissed. Further, the Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

---

1. 28 U.S.C. § 1915(a)(3) provides:
   An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.