OPINION AND ORDER
 

 SARGUS, District Judge.
 

 This case was initiated by Plaintiff (Living Care) filing a document entitled “Complaint for Redetermination of Notice of Intent to Levy and Appeal of Defendant’s Sustaining of Levy and Appeal of Liability.” Doc. 1, Comp., Title. Asserting this Court’s jurisdiction pursuant to 26 U.S.C. § 6330(d)(1)(B), Living Care says in effect that it is appealing “an adverse determination by the Internal Revenue Service ... at a due process hearing under Sec. 6320 of the Internal Revenue Code [IRC] ... as to the appropriateness of a filed Notice of Federal Tax Lien ... and under IRC Sec. 6330 as to the appropriateness of the Notice of Levy.” Doc. 1, Comp., ¶¶ 1, 5, and Attachment One. The liens and levies in question relate to Living Care’s failure to pay or pay timely all its federal withholding taxes
 
 [1]
 
 due for various periods between 1995 and 2001.
 
 Id.
 
 Living Care says it seeks to have its subject tax liabilities “removed,” to have the subject “determination of the due process hearing be reversed,” that the liens and levies “not be sustained,” and that the “collection effort cease.” Doc. 1, Comp., p. 8.
 

 Defendant IRS has moved under Rule 12(b), Fed.R.Civ.P., for dismissal of that portion of Living Care’s Complaint respecting the filing of the subject tax liens, essentially on the grounds that the Court lacks subject matter jurisdiction because that portion its ruling is not subject to appeal under the statutes relied on and the Defendant otherwise enjoys sovereign immunity. Doc. 8, pp. 1, 7-10. At the same time, the IRS has also moved under Rule 56, Fed.R.Civ.P., for summary judgment as to the remainder of the Complaint, asserting that there is no genuine issue of material fact and that it, the IRS, is entitled to judgment as a matter of law.
 
 Id.,
 
 pp. 1, 10-13. The case is now before the Court on this dual motion, Plaintiff Living Care’s memorandum contra (Doc. 9.), and Defendant’s reply memorandum (Doc. 10), together with the pleadings and other undisputed materials submitted by one or the other of the parties.
 

 Request for Oral Argument
 

 Relative to the above motions the Court has also received Living Care’s Request for Oral Hearing (Doc. 17). Southern District of Ohio Civ. R. 7.1(a) provides that motions such as the above, expressly including those under Rule 56, shall be decided based on memoranda “and without oral hearings unless ordered by the Court.” From the content of Living Care’s request, it appears that what it seeks is an opportunity for oral argument rather than an evidentiary hearing. In such case, Rule 7.1(b)(2) provides for scheduling the same upon request if deemed by the Court “essential to the fair
 
 *CMLXXIII
 
 resolution of the case because of its public importance or the complexity of the factual or legal issues presented.”
 

 In this case, the Court does not consider that any of the above factors are present in such degree as to warrant departure from the normal procedure. The Rule 12(b) issue appears clear and not difficult to resolve on the pleadings and written arguments of the parties, in large part because Plaintiff does not assert or argue that this Court has jurisdiction other than under 26 U.S.C. § 6330(d)(1)(B). Further, the Rule 56 motion for summary judgment issues have already been fully considered and decided against this same Plaintiff by another branch of the court in a separate case
 
 [2]
 
 on pleadings virtually identical to those in this case except for the dates of the IRS’s levies and lien actions involved. This Court will therefore decline Plaintiffs request and proceed to decide Defendant’s combined motions without scheduling oral argument.
 

 The Motion to Dismiss
 

 Defendant IRS does not specify whether its motion to dismiss is made under Rule 12(b)(1), lack of subject matter jurisdiction, or Rule 12(b)(6), failure to state a claim upon which relief can be granted. It is generally recognized, however, that Rule 12(b)(1) is the appropriate vehicle for a court’s consideration of claims that are asserted to be untimely or barred by sovereign immunity. See
 
 Gervasio v. United States,
 
 627 F.Supp. 428, 430 (N.D.Ill.1986);
 
 Cleveland v. Secretary of Health and Human Services,
 
 1993 WL 321755 *2 (N.D.Ill. Aug.19, 1993) (noting also that where lack of subject matter jurisdiction is asserted along with other grounds for dismissal, the Rule 12(b)(1) challenge is properly considered first);
 
 Porter v. Board of Trustees of Manhattan Beach,
 
 123 F.Supp.2d 1187, 1194 (C.D.Cal.2000)
 
 rev’d on other grounds,
 
 307 F.3d 1064. Furthermore, the Court is bound to examine the question of its subject matter jurisdiction, in any event. See
 
 Morrison v. Morrison,
 
 408 F.Supp. 315, 316 (N.D.Tex.1976);
 
 Lacy v. Dayton Board of Education,
 
 550 F.Supp. 835, 843 (S.D.Oh.1982).
 

 ... The Sixth Circuit recognizes two types of 12(b)(1) motions: a “facial” attack challenging the sufficiency of the plaintiffs factual allegations, in which all well-pleaded factual allegations in the complaint are taken to be true; and a “factual” attack challenging the actual fact of subject-matter jurisdiction, which is analyzed under Fed.R.Civ.P. 56 standards -The difference is often significant, because under a factual challenge the district court is empowered to weigh evidence, and no presumptions apply as to the truthfulness of plaintiffs allegations .... The Sixth Circuit has clearly recognized that a district court is empowered [to] consider evidence beyond the pleadings and to resolve factual disputes when necessary to resolve challenges to subject-matter jurisdiction under Rule 12(b)(1).
 

 Gillett v. United States,
 
 233 F.Supp.2d 874, 877 (W.D.Mich.2002) (citations omitted).
 

 The United States and its agencies are immune from suit under the doctrine of sovereign immunity and may be sued only to the extent that such immunity has been waived. See
 
 United States v. Mitchell,
 
 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980);
 
 United States v. Dalm,
 
 494 U.S. 596, 608, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990). Further,
 

 .... [a] waiver of the Federal Government’s sovereign immunity must be un
 
 *CMLXXIV
 
 equivocally expressed in statutory text, see,
 
 e.g. United States v. Nordic Village, Inc.,
 
 503 U.S. 30, 33-34, 37[, 112 S.Ct. 1011, 117 L.Ed.2d 181] (1992), and will not be implied,
 
 Irwin v. Department of Veterans Affairs,
 
 [498 U.S. 89] at 95[, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990)]. Moreover, a waiver of the Government’s sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign. See,
 
 e.g., United States v. Williams,
 
 514 U.S. 527, 431[531, 115 S.Ct. 1611, 131 L.Ed.2d 608] (1995) (when confronted with a purported waiver of the Federal Government’s sovereign immunity, the Court will “con-stru[e] ambiguities in favor of immunity.”);
 
 Library of Congress v. Shaw,
 
 478 U.S. 310, 318[, 106 S.Ct. 2957, 92 L.Ed.2d 250] (1986);
 
 Lehman v. Nakshian,
 
 453 U.S. 156, 161[, 101 S.Ct. 2698, 69 L.Ed.2d 548] (1981) (“[Limitations and conditions upon which the Government consents'to be sued must be strictly observed and exceptions thereto are not to be implied”).
 

 Lane v. Pena,
 
 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996) (parallel citations omitted); See also
 
 Department of the Army v. Blue Fox, Inc.,
 
 525 U.S. 255, 261, 119 S.Ct. 687, 142 L.Ed.2d 718 (1999).
 

 In this case, the Court need look no further than the pleadings, Defendant’s motion with its exhibits, and Plaintiffs response to determine that in fact it does not have subject matter jurisdiction to review the ruling of the IRS with respect to the notice of tax liens dated May 24, 2001. The dates and nature of various documents relative to the tax liens and the levies thereon that are the subject of this case are set out and supported in numbered paragraphs 1 through 8 and referenced exhibits in the Facts statement of Defendant’s memorandum. Doc. 8, pp. 2-3. In addition, Plaintiffs response memorandum expressly concedes: “The factual outline by Defendant in items 1 through 8 (Memorandum, p. 2) is accurate in its recitation of the dates of the notices of the filings etc.” With respect to the May 2001 Notice of Federal Tax Liens, the above establish that Plaintiff did not request a Collection Due Process hearing from the IRS, as provided for in 26 U.S.C. § 6320(a)(3)(B) and 26 C.F.R. § 301.6320-l(b), until late September, well past the 30 days permitted by the statute and regulation for such a request. Plaintiffs September request for hearing (Doc. 8, Ex. C) thus resulted in what is termed an “equivalent hearing” (see 26 C.F.R. § 301.6320-1®) respecting the May liens notice; but that is a hearing provided only by the IRS regulations, not the statute. Hence, the results of such an equivalent hearing (see Decision Letter dated June 21, 2002, Doc. 8, Ex. E) are not within the statute’s limited waiver of sovereign immunity that permits the results of a statutory Collection Due Process hearing to be appealed. 26 U.S.C. §§ 6320(c) and 6330(d)(1); see
 
 Johnson v. Commissioner of Internal Revenue,
 
 2000 WL 1041191 *2 (D.Or. June 21, 2000);
 
 Fabricius v. United States,
 
 2002 WL 31662301 *2 (E.D.Cal. Oct.18, 2002).
 

 The Court therefore concludes that it does not have subject matter jurisdiction to review the results of Plaintiffs equivalent hearing respecting Notice of Federal Tax Liens against Living Care dated May 21, 2001 (Doc. 8, Ex. A), as expressed in Defendant IRS’s Decision Letter dated June 21, 2002. Doc. 8, Ex. E. Consequently, the Defendant’s motion to dismiss that portion of the Complaint seeking such review and/or other action by the Court respecting the filing of those liens will be granted.
 

 The Motion for Summary Judgment
 

 In contrast to the situation discussed above respecting filing of the tax liens against Living Care in May 2001, the Court finds that it does have subject mat
 
 *CMLXXV
 
 ter jurisdiction to review the results of the statutory Collection Due Process hearing granted with respect to the IRS’s Notices of Intent to Levy dated August 22 and September 5, 2001. Notice of Determination, Doc. 8, Ex. G. It is not disputed that Plaintiff filed this appeal within the time permitted by 26 U.S.C. § 6330(d), and because social security and withholding taxes are involved here, this Court rather than the Tax Court has jurisdiction of an appeal under that section. See
 
 Berkey v. Department of the Treasury,
 
 2001 WL 1397680 *2 (E.D.Mich.2001). The Court thus concludes that it may proceed to consideration of the remainder Defendant IRS’s motion.
 

 The procedure for considering whether summary judgment is appropriate is set forth in Federal Rule of Civil Procedure 56(c) as follows:
 

 The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
 

 Although useful in resolving many cases without the necessity of trial, it has also been recognized that the above rules provision is not well suited to carrying out the review of agency action required in this type of case. “Such a motion is designed to isolate factual issues on which there is no genuine dispute ... [ajgency action, however, is reviewed not tried.”
 
 Lodge Tower Condominium Ass’n v. Lodge Properties, Inc.
 
 880 F.Supp. 1370, 1374 (D.Colo.1995). As pointed out by Chief Judge Covello of the District of Connecticut:
 

 “[A] motion for summary judgment under rule 56 of the Federal Rules of Civil Procedure ... makes no procedural sense when a district court is asked to undertake judicial review of agency action.”
 
 Lodge Tower Condominium Ass’n v. Lodge Properties, Inc.
 
 880 F.Supp. 1370, 1374 (D.Colo.1995);
 
 see also Olenhouse v. Commodity Credit Corp.,
 
 42 F.3d 1560, 1579-80 (10th Cir.1994) (expressly disapproving use of summary judgment procedure in cases where a court is reviewing an administrative action);
 
 CDI Information Services, Inc. v. Reno,
 
 101 F.Supp.2d 546, 547 (E.D.Mich.2000) (construing the parties summary judgment memoranda as a motion and a cross-motion for judgment);
 
 Orfanos v. Department of Health and Human Services,
 
 896 F.Supp. 23, 26 (D.D.C.1995).
 

 MRCA Information Services v. United States,
 
 145 F.Supp.2d 194, 195 (D.Conn.2000). This Court will therefore follow the procedure employed by the Eastern District of Michigan in
 
 CDI Information Services,
 
 cited above, and treat the summary judgment memoranda here as cross-motions for judgment on the pleadings seeking either reversal or affirmance of the administrative agency’s decision.
 

 Section 6330 does not establish a standard of review for the appeals to court it authorizes from IRS Collection Due Process rulings. In this situation, courts have generally been guided by a portion of that section’s legislative history that states:
 

 .... Where the validity of the tax liability is not properly part of the appeal, the taxpayer may challenge the determination of the appeals officer for abuse of discretion. In such cases, the appeals officer’s determination as to the appropriateness of collection activity will be reviewed using an abuse of discretion standard.
 

 H. Rep. No. 105-599 at 266 (1988); see
 
 Stop 26-Riverbend, Inc. v. United States of America,
 
 2003 WL 1908747 *1 (S.D.Ohio March 12, 2003) and cases there cited; see also
 
 Dudley’s Commercial and Industrial Coating, Inc. v. U.S. Internal Revenue Service,
 
 292 F.Supp.2d 976, 985
 
 *CMLXXVI
 
 (M.D.Tenn.2003);
 
 Bonfante v. United States,
 
 2002 WL 373407 *5 (S.D. Ohio Jan 29, 2002).
 

 In this case, Living Care contends that it did challenge the underlying tax liability and, therefore, this Court’s review should be
 
 de novo
 
 (Doc. 9, p. 12), citing
 
 Dogwood Forest Rest Home v. United States,
 
 181 F.Supp.2d 554 (M.D.N.C.2001), among others. Conceding for the purposes of this argument that
 
 de novo
 
 would be the appropriate standard of review for an administrative determination respecting the validity of the underlying tax liability, the Court finds that is not the situation in this case. Living Care argues otherwise and points out that its Complaint asks for the underlying tax liability to be removed. For reasons discussed above, however, the Complaint does not determine the nature or extent of this appeal. “The scope of th[e] court’s review under ¶ 6330(d) is limited to issues properly raised and considered during the collection due process hearing.”
 
 Jewett v. Commissioner of Internal Revenue,
 
 292 F.Supp.2d 962, 966 (N.D.Oh.2003). “In its review of the agency’s exercise of discretion, the Court is limited to a review of the administrative record”
 
 [3]
 

 (Dudley’s Commercial and Industrial Coating, Inc.,
 
 at 985 (citing
 
 Camp v. Pitts,
 
 411 U.S. 138, 142, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973))), and the record here shows clearly that the validity of the underlying taxes was not at issue before the IRS appeals officer (AO) below.
 

 As it was in the companion to this case noted above (Case No. C2-03-359 decided by Judge Frost), the Complaint here in effect makes clear that the underlying tax liability was not being challenged in the proceedings below. “Plaintiff was unable to pay or pay timely all federal withholding taxes.” Comp., Doc. 1, ¶ 5. “Plaintiff presented its explanation for its inability to pay taxes.... ”
 
 Id.,
 
 ¶ 7. Further, as Defendant points out, a central point of both Plaintiffs complaint here and its request for the collection due process hearing below (Doc. 8, Exs. C, H) is an explanation of why it has been, and in part continues to be, unable to pay all its withholding tax liabilities. There is no attack on the validity of any of those liabilities. Nor does the Notice of Determination respecting the IRS’s intent to file tax levies, which is the ruling actually under appeal here, or any other part of the record this Court has found mention a challenge to the validity of the underlying tax liability.
 

 Abuse of discretion, the standard that the Court is thus to employ in conducting its review here, has been described in various ways by our circuit. As noted by some of our district courts:
 

 An abuse of discretion is an arbitrary action not justifiable in light of the facts and circumstances presented in the record.
 
 Gonzalez v. INS,
 
 996 F.2d 804, 808 (6th Cir.1993);
 
 Balani v. INS,
 
 669 F.2d 1157, 1161 (6th Cir.1982);
 
 NLRB v. Guernsey-Muskingum Electric Coop., Inc.,
 
 285 F.2d 8, 11 (6th Cir.1960). The Sixth Circuit has held that an agency abuses its discretion if its decision “was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.... ”
 
 Gonzalez,
 
 996 F.2d at 808;
 
 Balani,
 
 669 F.2d at 1161.
 

 Dudley’s Commercial and Industrial Coating, Inc.,
 
 at 985.
 

 .... Under the abuse of discretion standard, a determination will be affirmed
 
 *CMLXXVII
 
 unless the Court determines with a “definite and firm conviction” that a clear error of judgment has been committed.
 
 Cincinnati Ins. Co. v. Byers,
 
 151 F.3d 574, 578 (6th Cir.1998).
 

 Bonfante,
 
 2002 WL 373407 *6. In applying any formulation of the test, however, it is well settled that the court is not free to substitute its judgment for that of the administrative agency. See generally,
 
 Citizens to Preserve Overton Park v. Volpe,
 
 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971);
 
 Cellnet Communications, Inc. v. Federal Communications Com’n,
 
 149 F.3d 429 (6th Cir.1998).
 

 Plaintiff also argues in effect that even if
 
 de novo
 
 review is not required, the case should be remanded for a new Collection Due Process hearing because the record is inadequate to show that applicable statutory and regulatory requirements for administrative review have been met, citing
 
 Mesa Oil, Inc. v. United States,
 
 2000 WL 1745280 (D.C.Colo. Nov.21, 2000). Doc. 9, pp. 13-14. The Court, however, finds the record in this case distinguishable from that which apparently confronted the court in
 
 Mesa Oil
 
 and, perhaps more important, a sufficient record to conduct the review of administrative action authorized by the statute and called for by the applicable regulations in this case.
 

 In
 
 Mesa Oil,
 
 the court ordered remand for a new hearing in part because it found that “the [AO’s] sparse Determination gives every indication that the ‘proposed collection action [was] approved solely because the IRS show[ed] that it ha[d] followed the appropriate procedures’ ” and “[t]here is no indication that the AO actually engaged in the required analysis prior to making her Determination.”
 
 [4]
 
 2000 WL 1745280 *4, *5. In this case, Living Care concedes that it was given a due process hearing at which the company’s president spoke on its behalf. Doc. 9, p. 9. It is true the hearing was conducted by telephone and without sworn testimony or recording, but that is permissible under the statute and applicable regulations. See 26 CFR § 301.6330 — 1(d);
 
 Jeivett
 
 at 966-67. Further, the AO’s Determination in this case is clearly more through and appropriate in its factual review and analysis than was the one which apparently confronted the court in
 
 Mesa Oil.
 
 Compare
 
 Compucel Service Corporation v. Commissioner of Internal Revenue,
 
 2002 WL 442254 at *3 (D.Md. Feb.15, 2002).
 

 For example, the
 
 Mesa Oil
 
 court states that the AO’s Determination in that case “gives no statement of facts, no legal analysis, and no explanation of how or why the proposed levy balanced the need for collection with Mesa’s interests” (2000 WL 1745280 *5), none of which can truthfully be said of the AO’s Determination in this case. Here, in nearly five, primarily single-spaced, pages the history and present status of Living Care’s withholding tax problems
 
 [5]
 
 that led to its due process hearing are set out, discussed, and analyzed in the context of the applicable statutes and regulations. Further, and contrary to Living Care’s assertion, the Court believes it is clear that the AO considered more than just what he knew prior to Living Care’s hearing.
 
 [6]
 
 Finally, here there
 
 is
 
 an explanation of why the proposed levy represents
 
 *CMLXXVIII
 
 a reasonable balance of the need for efficient collection of taxes with the taxpayers legitimate concern that such action be no more intrusive than necessary. See 26 U.S.C. § 6330(c)(3).
 

 After reviewing Living Care’s continuing tax liability situation, the failure of its past efforts to correct that situation, and its current and prospective inability to correct the situation or even sell its business, the AO concludes:
 

 .... In balancing the need for efficient tax collection with alternative collection methods you have failed to provide us with an alternative collection that would satisfy your liability. On that basis, we conclude that a Levy is the next reasonable step the Service must take in its efforts to collect the tax liability.... In the absence of a reasonable collection alternative, the intent to levy should be sustained, albeit more intrusive than other collection alternatives.
 

 Notice of Determination, Doc. 8, Ex. G attch., p. 5. In light of the facts and circumstances disclosed by the record, this Court can not conclude that sustaining of the levies in this case is an unjustifiable and arbitrary action or one that has been made without rational explanation or in departure from established policies, and it is nowhere suggested that the decision rests on some impermissible basis. This conclusion that the levies should be sustained might, or might not, be the one reached by this Court if it had conducted Living Care’s due process review and hearing, but even if it were not, the Court would not be free in this appeal to substitute its judgment for that of the Defendant IRS.
 

 Consistent with the foregoing, Defendant IRS’s motion (Doc. 8) to dismiss that portion of the Complaint (Doc. 1) seeking review and/or other action by the Court respecting the results of Plaintiffs equivalent hearing (Decision Letter, Doc. 8, Ex. E) on Notice of Federal Tax Lien against Defendant Living Care dated May 21, 2001 (Doc. 8, Ex. A) is GRANTED. Further, treating Defendant IRS’s motion and memorandum for summary judgment (Doc. 8) as a motion for judgment on the pleadings seeking to have the Court affirm the results of Plaintiffs Collection Due Process hearing (Notice of Determination, Doc. 8, Ex. G) on the Notices of Intent to Levy against Defendant Living Care dated August 22 and September 5, 2001 (Doc. 8, Exs.B, D), such motion is GRANTED.
 

 Whereupon, the Clerk shall enter JUDGMENT for Defendant United States of America Internal Revenue Service dismissing Plaintiffs Complaint with prejudice insofar as it seeks review of Defendant’s June 21, 2001 Decision Letter respecting the tax liens against Plaintiff listed therein and affirming Defendant’s June 21, 2002 Notice of Determination respecting the tax levies against Plaintiff listed therein.
 

 IT IS SO ORDERED.
 

 [1]
 

 . These appear to involve either or both employee F.I.C.A. and/or income tax withholding, both of which Living Care, as an employer, is bound to collect and pay over pursuant to 26 U.S.C. §§ 3102 and 3403, respectively.
 

 [2]
 

 .
 
 Living Care Alternatives of Utica, Inc. v. United States of America Internal Revenue Ser
 
 vice, Case No. C2-03-359, Opinion and Order by Hon. Gregory L. Frost, Jan. 12, 2004.
 

 [3]
 

 . This limitation on the scope of review prevents this Court's consideration of any claimed change circumstances since Living Care’s due process hearing. See Doc. 9, p. 7. The Court notes, however, that it does not appear Plaintiff is completely without recourse if there are in fact changed circumstances that warrant a change in the IRS's earlier determination. See 26 C.F.R. § 301.6330 — 1(h).
 

 [4]
 

 . The
 
 Mesa Oil
 
 court also found that the AO who had conducted the due process hearing there violated the statute's requirement of no prior involvement with the case (2000 WL 1745280 at *5), a situation that is not suggested to exist here.
 

 [5]
 

 . Problems going back to mid-1993 and continuing to accrue intermittently and without complete resolution through the very quarter in which Living Care’s due process hearing in this case was held. See Notice of Determination, Doc. 8, Ex. G attch. p. 2.
 

 [6]
 

 .There are two different references in the Notice of Determination to things that Living
 
 *CMLXXVIII
 
 Care’s president agreed to or admitted during "our conference.”
 
 Id..,
 
 pp. 4, 5.