**Colleen Brooke CRAWFORD, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**No. 3:05CV 0022 LRH(RAM).**

United States District Court,
D. Nevada.

March 24, 2006.

Steven Wilson, Steven A. Wilson, Carson City, NV, for Plaintiff.

Daniel Bogden, U.S. Attorney's Office, Las Vegas, NV, John Snyder, U.S. DOJ—Tax Division, Washington, DC, for Defendant.

### ORDER

HICKS, District Judge.

Plaintiff Colleen Crawford has brought a Petition for Review of Internal Revenue Service Levy Action Under 26 U.S.C. § 6330(d) (# 2[1]). Presently before the court are cross motions for summary judgment (# 6 & # 7).

### FACTUAL AND PROCEDURAL BACKGROUND

In 2004, Plaintiff was married to Donald H. Crawford. In April of that year the Internal Revenue Service ("IRS") assessed, in a joint and several capacity, a tax liability against Plaintiff and her husband for failing to collect and pay trust fund and payroll taxes relating to the couples business, Iron Doctor, Inc. The IRS sought to recover $54,263.39, an amount which Plaintiff has not attacked as incorrect.

On May 25, 2004, Plaintiff finalized her divorce from Donald Crawford. Included in the divorce decree were several provisions relating to the IRS debt owed by the couple. Donald Crawford agreed to assume the entire debt owed to the IRS. In addition, Donald Crawford agreed to indemnify Plaintiff regarding the tax obligations and agreed to grant the state court continuing jurisdiction to modify the divorce decree should Plaintiff be forced to pay the tax liability. As a result, Donald Crawford was awarded sole ownership of Iron Doctor, Inc., as well as real property owned in Winnemucca, Nevada, which he agreed to sell and apply the proceeds to the IRS debt. Donald Crawford, however, did not satisfy the debt to the IRS.

In September 2004, the IRS issued a Notice of Intent to Levy and a Notice of Federal Tax lien to Plaintiff regarding the Iron Doctor debt. Plaintiff filed a proper request for a Collection Due Process Hearing as authorized by 26 U.S.C. § 6330(b). As part of that request, Plaintiff suggested an alternative proposal for collection of the outstanding debt. Plaintiff's proposed that the IRS first attempt to recover the debt from Donald Crawford and, in addition, Plaintiff would attempt to work out an installment agreement to pay off any of the debt that could not be collected. After

---

**1.** References to (# XX) refer to the court's docket.

holding a telephonic due process hearing regarding the collection process, the IRS upheld its determination that it should collect the owed taxes from Plaintiff. The IRS determined that Plaintiff's alternative collection plan was not viable because it was not authorized by law as it did not attempt to satisfy the outstanding debt from her assets but instead required the IRS to seek out the assets of another party.

Plaintiff has appealed this determination, arguing that the IRS was incorrect in determining that Plaintiff's alternative collection plan was not viable under 26 U.S.C. § 6330. Both parties agree that no material facts are in issue.

## LEGAL STANDARD FOR SUMMARY JUDGMENT

A court must grant summary judgment if the pleadings and supporting documents, when viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). An issue as to any material fact is only "genuine" if the evidence regarding the disputed fact is "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insuf-

ficient [to preclude summary judgment]; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.*

## DISCUSSION

■ The court reviews an IRS appeals officer's decision under § 6330 for an abuse of discretion when the underlying tax liability is not at issue. *MRCA Info. Servs. v. U.S.*, 145 F.Supp.2d 194, 199 (D.Conn.2000).[2] An agency determination will be reversed for an abuse of discretion if there is a "definite and firm conviction that the [agency] ... committed a clear error of judgment in the conclusion it reached upon weighing of the relevant factors." *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir.1998). An agency has committed a clear error of judgment in its conclusion when there is no evidence to support the decision or the decision is based on an improper understanding of the law. *Song Jook Suh v. Rosenberg*, 437 F.2d 1098, 1102 (9th Cir.1971).

■ In the present dispute, the parties have focused on whether the IRS appeals officer abused his discretion by basing his ruling on an improper understanding of the law. Specifically, Plaintiff challenges the IRS appeals officer's decision that collection of the outstanding taxes from her husband was not a viable collection alternative. According to Plaintiff, the statutory list of options for collection alternatives[3] is not exclusive and that any

**2.** It is of note that the statute is silent on which standard of review should be used and that the Ninth Circuit has not passed upon the issue. However, it appears that the vast majority of district court's to have addressed the issue have concluded that the abuse of discretion standard is appropriate. *See e.g., Alliance Servs., Inc. v. U.S. ex rel. C.I.R.*, 363 F.Supp.2d 1367, 1371 (N.D.Ga.2005) (abuse of discretion appropriate); *Olsen v. U.S.*, 326 F.Supp.2d 184, 187 (D.Mass.2004) (same); *Yuen v. U.S.*, 290 F.Supp.2d 1220, 1224 (D.Nev.2003) (citing *MRCA Info. Servs.* for the

proposition that based on legislative history a *de novo* review is appropriate when the underlying tax liability is at issue). Further, the parties have not disputed the use of an abuse of discretion standard.

**3.** The collection alternatives listed in § 6330 are "the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise." 26 U.S.C. § 6330(c)(2)(A)(iii). The IRS argues that while these options may not be exclusive, the fact that they all relate to the tax liability

relevant collection alternative must be considered. However, Plaintiff recognizes that the divorce decree is not binding on the IRS and does not seek to compel collection through that document.

Neither party has cited authority concerning whether the term "collection alternatives" includes alternatives in which the tax liability is not paid by the person from which collection is sought. In its own research, the court was unable to find authority which specifically dealt with the issue *sub judice*. Thus, the court is faced with a true issue of first impression involving the construction of 26 U.S.C. § 6330(c)(2)(A)(iii). The court must determine whether the term "collection alternatives" includes alternatives which do not involve the party against whom a levy has been assessed paying the assessed liability directly.

The relevant portion of 26 U.S.C. § 6330 reads:

(a) **Requirement of notice before levy.—**

(1) **In general.**—No levy may be made on any property . . . unless the Secretary has notified such person in writing of their right to a hearing . . . .

(b) **Right to fair hearing.—**

(1) **In general.**—If the person requests a hearing . . . such hearing shall be held by the Internal Revenue Service Office of Appeals. . . .

(c) **Matters considered at hearing.—** In the case of any hearing conducted under this section . . .

(2) **Issues at hearing.—**

(A) **In general.**—The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including . . .

(iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise. . . .

(3) **Basis for the determination.—** The determination by an appeals officer under this subsection shall take into consideration . . . .

(C) whether any proposed collection action balances the need for efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary.

Upon a plain reading of the statute as a whole, there is an ambiguity concerning whether the collection alternative suggested by Plaintiff is included in the meaning of the statute. While the IRS is correct that the alternatives provided in the statute all relate to collection alternatives which collect from the party against whom the tax has been assessed, Plaintiff is correct in noting that the list of collection alternatives is not intended to be exclusive and is therefore not the sole set of available options. *See* 26 U.S.C. § 6330(c)(2)(A)(iii) (stating that offers of collection alternatives "may include" the listed examples).

Turning to the Code of Federal Regulations, the court notes that at least one other collection alternative has been contemplated by the IRS. In the questions and answers section relating to the regulation concerning matters considered at the appeals hearing, the question is posed: "What collection alternatives are available to the taxpayer?" The regulations response states that "[c]ollection alternatives would include, for example, a proposal to withhold the proposed or future collection

---

being paid from the assessed's personal assets is key to understanding that the law does not

contemplate a viable collection alternative as seeking assets from a third party.

action in circumstances that will facilitate the collection of the tax liability" before going on to list the four statutory alternatives. *See* 26 C.F.R. § 301.6630–1(e)(3) (Question and Answer E6). This collection alternative is much broader than those identified in the statute, and contemplates consideration of the alternative proposed by Plaintiff.

In this case, Plaintiff is jointly and severally liable with Donald Crawford to the IRS for unpaid trust fund taxes. Although the IRS is not bound by Plaintiff's divorce decree, Plaintiff and Donald Crawford had split their assets in a manner that would facilitate payment of the tax liability by Donald through the sale of property he received in the divorce. Plaintiff's collection alternative was a proposal to withhold collection from her until it was determined whether it would facilitate the tax collection and provide a less intrusive means of collection to go after the assets earmarked for payment of the tax liability as defined in the divorce decree. Such a request falls within the alternative contemplated by Regulation 301.6630–1(e)(3) and should have been considered.

In the court's research it found one case, not published in the Federal Supplement, which highlights the limits of the court's decision. In *Mendez v. U.S.*, 93 A.F.T.R.2d 2004–704 (S.D.Fla.2003), Mendez was an officer of two separate corporations. One of these corporations had a tax liability, while the other possessed a tax credit. At his Collection Due Process Hearing, Mendez proposed a collection alternative whereby the tax credit owed would be credited to the company owing a tax liability instead of the company for which it was intended. *Id.* at 2004–705. The court, in dicta, upheld the IRS determination that this collection alternative was not contemplated by § 6330 by a simple reference to the collection alternatives contained in the statute. In disposing of

the matter, however, the court deemed the alternative to be a *de facto* attack on the underlying liability and disposed of the matter on procedural grounds. *Id.* at 2004–708.

The present case is distinguishable from *Mendez* based on the tax liability of the source of the collection alternative. In *Mendez,* the plaintiff attempted to have a non-liable corporation pay the debt of the liable corporation simply because Mendez was an officer of both corporations. The court was correct to determine that such an alternative is not contemplated by the statute, as its collection alternatives clearly contemplate only collection from a liable party. Any other reading would overburden the IRS by requiring it to investigate potentially frivolous collection alternatives involving parties not related to the underlying liability. However, in the present case, there are two parties jointly and severally liable for the underlying tax debt. In such a situation, where two parties are equally liable for the underlying tax liability, the statute and the accompanying regulations contemplate a collection alternative whereby collection against one party is suspended pending an inquiry into the availability of collection against another.

Since the appeals officer dismissed such an alternative out of hand, without properly determining whether the "proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary," 26 U.S.C. § 6330(c)(3)(C), an abuse of discretion occurred.

This is not to say, however, that Plaintiff's proposed collection alternative must be accepted by the IRS. The error was not that Plaintiff's proposal was rejected, but that it was rejected without the proper consideration required by the statute.

Thus, should the appeals officer, upon proper consideration, determine that Plaintiff's alternative is not viable as a collection alternative, there is no statutory bar precluding the IRS from rejecting that option.

## CONCLUSION

In the limited circumstance where two parties are jointly and severally liable for a tax liability, but the IRS has determined to proceed by levy against one party, 26 U.S.C. § 6330(c)(2)(iii) allows for a proposed collection alternative that suggests suspending collection until it can be determined whether the other liable party has assets that would make collection of the liability more efficient and less intrusive. The IRS's failure to properly consider Plaintiff's collection alternative in this matter was an abuse of discretion.

It is therefore ORDERED that the Plaintiff's Cross–Motion for Summary Judgment (# 7) is GRANTED and Defendants' Motion for Summary Judgment (# 6) is DENIED. The determination of the Appeals Board is vacated and the matter is remanded for further proceedings consistent with this Order.

The Clerk shall enter judgment accordingly.