USA FINANCIAL SERVICES, INC., Plaintiff,

v.

UNITED STATES of America INTERNAL REVENUE SERVICE, Defendant.

No. CIV.A. 1:05–1092.

United States District Court, E.D. Virginia, Alexandria Division.

Aug. 2, 2006.

Aaron Robert Caruso, Abod & Caruso, Rockville, MD, for Plaintiff.

Gerard J. Mene, Robert K. Coulter, United States Attorney's Office, Alexandria, VA, for Defendant.

## MEMORANDUM ORDER

LEE, District Judge.

THIS MATTER is before the Court on Defendant, the Internal Revenue Service's ("IRS") Motion for Summary Judgment of USA Financial Services, Inc.'s ("USA FSI") appeal of a collection due process hearing ("CDP"). This is a tax collection case where the delinquent taxpayer, USA FSI contends that the IRS's Appeals Officer abused his discretion by rejecting USA FSI's proposed installment payment agreement for unpaid taxes and penalties in lieu of a tax levy. The issues before the Court are: (1) whether the Court should wait to hear Defendant's Motion for Summary Judgment as to Plaintiff USA FSI's appeal of the Appeals Officer's decision because the U.S. Tax Court is currently reviewing the Appeals Officer's determination; (2) whether the IRS Appeals Officer abused his discretion when he denied USA FSI's proposed installment payment agreement where there was evidence that Plaintiff had a history of not paying tax liabilities and is presently delinquent in other unrelated tax liabilities; (3) whether the IRS Appeals Officer denied the Plaintiff's right to a fair hearing because the determination lacked impartiality and the Officer failed to articulate the reasoning he used to arrive at his decision.

With respect to the first issue, the Court holds that it will proceed with hearing Defendant's Motion for Summary Judgment as to Plaintiff's appeal of the Appeals Officer's determination, even though the Tax Court is presently reviewing the Appeals Officer's decision.

With respect to the second issue, the Court grants summary judgment in favor of the IRS as to Plaintiff's appeal because (1) it was reasonable for the Appeals Officer to reject USA FSI's proposed installment payment agreement in light of USA FSI's history of not paying tax liabilities on time and (2) because USA FSI is also presently behind on other unrelated tax liabilities.

With respect to the third issue, the Court grants summary judgment in favor of the IRS as to USA FSI's appeal because the Court finds that USA FSI received a fair collection due process hearing for two (2) reasons. First, the Court finds that USA FSI received a hearing as required and the Appeals Officer was impartial. Second, the Appeals Officer complied with 26 I.R.C. § 6330.

## I. BACKGROUND

This matter is before the Court on Defendant, the Internal Revenue Service's ("IRS") Motion for Summary Judgment as to USA Financial Services, Inc.'s ("USA FSI") appeal of a collection due process ("CDP") hearing. Specifically, the IRS argues that because in a CDP case, the trial court reviews the Appeals Officer's decision for abuse of discretion and here, Plaintiff has made no showing that the Officer abused his discretion, therefore the Officer's determination cannot be reversed.

### 1. Notice of Levy

In July 2004, the IRS sent Plaintiff, USA FSI a notice to levy outstanding tax liabilities relating to the tax period ending in December 1999. (Compl. ¶ 7.) The IRS sought to levy approximately 1.6 million dollars in unpaid taxes and penalties from USA FSI. (Def.'s Mot. for Summ. J. at 3.) In response to the notice, USA FSI filed a

request for a CDP hearing.[1] (Compl.¶ 8.) In its request, USA FSI stated that it wished to submit an offer in compromise or installment payment agreement to satisfy its tax liabilities. (Declaration of Appeals Officer Rex Carroll ¶ 4)("Carroll Decl.")

## 2. CDP Hearing

On February 17, 2005, the Appeals Officer that had been assigned to conduct the CDP hearing asked USA FSI to submit all documents needed to evaluate any alternative proposals.[2] (Carroll Decl. ¶ 5.) The CDP was held via telephone conference on March 9, 2005. (Compl. ¶ 8; Carroll Decl. ¶ 5.) USA FSI's attorney was present during the telephone conference. (Carroll Decl. ¶ 6.) During the CDP, USA FSI proposed that the IRS accept a monthly installment payment agreement to satisfy the outstanding tax liabilities instead of a levy on USA FSI's property. (Compl.¶ 9.)

## 3. Appeals Officer's Determination

In April 2005, the Appeals Officer informed USA FSI that he denied Plaintiff's installment payment agreement proposal, and therefore he would uphold the levy action. (Compl. ¶ 10; Def.'s Mot. for Summ. J. at 5.) Specifically, the Officer decided to uphold the levy action because of USA FSI's past history with delinquent taxes and because at the time of the hearing, USA FSI was also behind on its employment tax liabilities relating to the tax quarter ending in December 31, 2004, and March 31, 2005. (Id. ¶¶ 6–8.) Based on USA FSI's history of nonpayment and present employment tax delinquency, the Appeals Officer concluded that "there is

little to suggest that Plaintiff would be able to honor an installment payment agreement." (Notice of Determination from Rex Carroll, the IRS Appeals Officer to USA FSI at 3 (April 28, 2005) ("Notice of Determination"), Ex. E to Carroll Decl.)

## 4. Procedural history following Appeals Officer's determination

In response to the Appeals Officer's determination, USA FSI filed an appeal with the United States Tax Court. There, the Tax Court split the issue of abuse of discretion into three (3) separate cases according to the type of underlying tax liability. (Pl.'s Br. at 2.) Specifically, the Tax Court created three (3) sister cases comprised of USA FSI's underlying income tax liability, employment tax, and civil penalty, respectively. (Id.) The Tax Court granted a motion to dismiss in favor of the Commissioner of the Internal Revenue for lack of jurisdiction in regards to the employment tax case and civil penalty case. (Id.)

On September 16, 2005, USA FSI filed an appeal in this Court on behalf of the two (2) outstanding cases involving USA FSI's employment tax liability and civil penalty. (Pl.'s Br. at 2.) Specifically, USA FSI alleges that the Appeals Officer abused his discretion and did not grant Plaintiff a fair trial. (Compl.¶¶ 15–19.)

## II. DISCUSSION

### A. Standard of Review

#### 1. Jurisdiction for Judicial Review of Appeals Officer's Determination

A taxpayer who has received an adverse determination in a CDP hearing may file

---

**1.** A collection due process ("CDP") hearing is an administrative due process hearing that taxpayers may request when the taxpayer disagrees with the IRS's decision to issue a levy to collect delinquent taxes. 26 I.R.C. § 6330(b)(1). Following the hearing, the Appeals Officer must publish the decision in a

notice of determination. Reg. § 291,6330–1(f)(1).

**2.** Mr. Rex Carroll was the IRS Appeals Officer assigned to conduct the CDP. (Carroll Decl. ¶ 1; Def.'s Mot. for Summ. J. ¶ 3.)

an appeal within thirty (30) days of the determination. 26 § 6330(d)(1). The taxpayer shall appeal the decision to the Tax Court. § 6330(d)(1)(A). The taxpayer should appeal the determination to the district court only when the Tax Court does not have jurisdiction over the underlying tax liability. § 6330(d)(1)(B).

■ Generally, the Tax Court's jurisdiction is limited to income, estate, gift, and certain excise taxes, which are subject to a deficiency notice requirement. 26 U.S.C.A. §§ 6212(a), 6213(a), 6330(d); Tax Court Rule, Rule 13, 26 U.S.C.A. § 7453. The Tax Court does not have jurisdiction to review employment tax. *Abu–Awad v. United States*, 294 F.Supp.2d 879, 886–87 (S.D.Tex.2003). Additionally, it does not have jurisdiction to consider frivolous return penalties. *Loofbourrow v. C.I.R.*, 208 F.Supp.2d. 698, 705–06 (S.D.Tex.2002).

### 2. Summary Judgment Fed.R.Civ.P. 56(c)

Under Rule 56(c), the Court must grant summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c). The moving party bears the initial burden to show the court that there is an absence of a genuine issue concerning any material fact and that the non-moving party cannot prevail. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In order to survive the motion, the non-moving party must then show that there is "evidence from which a jury might return a verdict in the non-moving party's favor or that there is a material dispute over a material fact that could affect the outcome of the case." *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When ruling on a summary judgment motion, the Court "view[s] the evidence in the light most favorable to the non-moving party, granting that party the benefit of all reasonable inferences." *Bailey v. Blue Cross & Blue Shield*, 67 F.3d 53, 56 (4th Cir.1995).

### 3. Right to a Fair Hearing

Taxpayers who have received a notice of intent to levy from the IRS may contest the levy in a CDP hearing. 26 I.R.C. § 6330. The IRS Appeals Office will provide an impartial IRS Appeals Officer to determine whether the levy action is appropriate in light of the plaintiff's arguments. § 6330(b)(3). Taxpayers who are dissatisfied with the IRS Appeals Office's determination may request judicial review of the Appeals Officer's decision. § 6330(d)(1)(b).

At the hearing, the taxpayer may raise any issue relating to the proposed levy, including but not limited to challenges to the appropriateness of the proposed levy action, and offer alternatives, such as substitution of assets or an installment payment agreement. 26 I.R.C. § 6330(c)(2)(A)(ii)-(iii). After the hearing, the Appeals Officer's determination must take into consideration the following factors: 1) the information received from a verification that the requirements of any applicable law or administrative procedure have been met; 2) the issues raised by the taxpayer; and 3) whether the proposed collection action balances the need for efficient tax collection with the legitimate concern for the taxpayer that any collection action be no more intrusive than necessary. § 6330(c)(3).

### 4. Review of Collection Due Process Hearing

■ Where a taxpayer is challenging the notice of intent to levy, and not the underlying tax liability, the district court

will review the Appeals Officer's decision under an abuse of discretion standard.[3] *Reid & Reid, Inc. v. United States*, 366 F.Supp.2d 284, 286 (E.D.N.C.2005); *Dogwood Rest Home, Inc. v. United States*, 181 F.Supp.2d 554, 559 (M.D.N.C.2001).

An abuse of discretion is "an arbitrary action that is not justifiable in light of the facts presented." *Reid & Reid, Inc.*, 366 F.Supp.2d at 286 (citation omitted).

## B. Analysis

### 1. The Court will proceed in this matter.

■ The Court holds that it will proceed with hearing Defendant's Motion for Summary Judgment as to Plaintiff's appeal of the Appeals Officer's determination, even though the Tax Court is presently reviewing the Appeals Officer's decision, for two (2) reasons. First, because the Tax Court did not vacate the Appeals Officer's determination when it remanded the case back to the Appeals office and thus, there is a final decision for this Court to review. Second, the proceedings taking place in the Tax Court have no impact on this case because the Tax Court does not have jurisdiction over USA FSI's employment tax and civil penalty tax liabilities.

When the appeal proceedings of an Appeals Officer's CDP determination commence, all collection activities against the taxpayer are suspended until the judicial review process is complete. 26 I.R.C. § 6330(e). Here, the Tax Court is currently reviewing the Appeals Officer's decision as it relates to USA FSI's income tax liability. (*USA Fin. Serv., Inc. v. C.I.R.*, No. 9930–05L (U.S. Tax Ct. May 03, 2006)(order granting IRS's remand request)("Tax Court Order"), Ex. 2 to Pl.'s

Br.) Presently, the Tax Court has remanded the decision back to the Appeals Office for a supplemental administrative hearing. (*Id.*) Additionally, the Tax Court ordered the IRS to give Plaintiff an opportunity to make a evidentiary showing of whether it could meet the terms of the installment payment agreement for Plaintiff's income tax liabilities. (*Id.*) Here, if this Court were to wait for the Tax Court to conclude its review of the Appeals Officer's decision following the supplemental hearing, all collection actions for Plaintiff's outstanding employment tax liabilities and civil penalties liability will continue to go uncollected for an indeterminate period of time. Further, USA FSI will continue to operate and receive revenue while withholding tax liabilities from the government.

The Court does not believe that anything will be gained from waiting for the Tax Court to conclude its proceedings before deciding this matter for two (2) reasons. First, the Tax Court did not vacate the Appeals Officer's determination when it remanded the case back to the Appeals office and thus, there is a final decision for this Court to review. Second, the proceedings taking place in the Tax Court have no impact on this case because the Tax Court does not have jurisdiction.

### a. The Tax Court did not vacate the Appeals Officer's decision.

The Court will proceed with hearing Defendant's Motion for Summary Judgment as to Plaintiff's appeal of the Appeals Officer's decision because the Tax Court did not vacate the Appeals Officer's determination when it remanded the case back to the Appeals office and thus, there is a final decision for the Court to review. A court will only review an Appeals Officer's deci-

---

**3.** Where tax liability is at issue, the standard of review is *de novo*. *Jones v. Comm'r*, 338

F.3d 463, 466 (5th Cir.2003).

sion when that decision is final. *See* 26 I.R.C. § 6330(d). Here, while the Tax Court's remand gives the Appeals Office temporary jurisdiction over the supplemental proceedings for Plaintiff's request for an installment payment agreement to satisfy its income tax liability, the Tax Court's order does not disturb the Appeals Officer's ultimate decision to deny the installment payment agreement. Therefore, the Court will proceed with hearing Defendant's Motion for Summary Judgment as to Plaintiff's appeal of the Appeals Officer's decision because the Tax Court did not vacate the Appeals Officer's determination when it remanded the case back to the Appeals office and thus, there is a final decision for the Court to review.

**b. The Tax Court does not have jurisdiction to review the Appeals Officer's decision as it relates to employment tax and civil penalty.**

The Court will proceed with hearing Defendant's Motion for Summary Judgment as to Plaintiff's appeal of the Appeals Officer's decision because the proceedings taking place in the Tax Court have no impact on this case because the Tax Court does not have jurisdiction over USA FSI's employment tax and civil penalty tax liabilities.

Here, the Tax Court broke the Appeals Officer's decision into three (3) separate cases based on the underlying tax liability: employment tax, income tax and civil penalty liability. (Pl.'s Br. at 2.) Because the Tax Court only has jurisdiction to review the Appeals Officer's decision as it relates to Plaintiff's income tax liability, the Tax Court declined to decide whether the IRS Appeals Officer abused its discretion by rejecting Plaintiff's installment payment agreement as it relates to Plaintiff's employment tax and civil penalty liabilities. (*Id.*) Therefore, any decision the Tax Court makes concerning the Appeals Officer's de-

cision is only applicable to Plaintiff's income tax liability. *See* 26 U.S.C.A. §§ 6212(a), 6213(a), 6330(d); Tax Court Rule, Rule 13, 26 U.S.C.A. § 7453. Therefore, the Court declines to wait for the Tax Court to conclude its review of the Appeals Officer's decision because the proceedings taking place in the Tax Court have no impact on this case because the Tax Court does not have jurisdiction over USA FSI's employment tax and civil penalty tax liabilities.

For the stated reasons, the Court does not believe that anything will be gained from waiting for the Tax Court to conclude its proceedings before deciding this matter for two (2) reasons. First, the Tax Court did not vacate the Appeals Officer's determination when it remanded the case back to the Appeals office and thus, there is a final decision for the Court to review. Second, the proceedings taking place in the Tax Court have no impact on this case because the Tax Court does not have jurisdiction over USA FSI's employment tax and civil penalty tax liabilities.

2. *The Appeals Officer's reliance on USA FSI's non-payment history and current outstanding liabilities indicate that the Appeals Officer did not abuse his discretion.*

The Court grants summary judgment in favor of the IRS as to USA FSI's appeal because it was reasonable for the Appeals Officer to reject USA FSI's proposed installment payment agreement in light of USA FSI's history of not paying tax liabilities and because USA FSI is also presently behind on other unrelated tax liabilities.

A court will reverse the Appeals Officer's decision only if there is evidence that the Appeals Officer abused his discretion. *Reid & Reid, Inc.,* 366 F.Supp.2d at 286. Specifically, there must be a showing that

the Officer's determination was arbitrary or unjustifiable. *Id.*

Here, although the evidence shows that the Appeals Officer denied USA FSI's proposal despite Plaintiff's repeated assurances to the Appeals Officer that it was capable of meeting the terms of the installment payment agreement, USA FSI has not shown that the Appeals Officer abused its discretion for (2) reasons. First, the Appeals Officer determined that USA FSI's installment payment agreement was inappropriate after assessing USA FSI's history of non-payment. Second, the Appeals Officer considered evidence that USA FSI is currently delinquent on unrelated outstanding tax liabilities in arriving at his conclusion.

### a. The Appeals Officer justifiably relied on USA FSI's history of non-payment.

The Court finds that the Appeals Officer did not abuse his discretion because the Appeals Officer determined that USA FSI's installment payment agreement was inappropriate after assessing USA FSI's history of non-payment. Under 26 I.R.C. § 6630, the Appeals Officer is required to consider a plaintiff's proposal before concluding that it is not a viable alternative. *Crawford v. United States,* 422 F.Supp.2d 1209, 1213 (D.Nev.2006). When the reason for rejecting the proposal is unreasonable, or unjustified considering the facts of the case, the court will find that the Appeals Officer abused his discretion. See *Reid,* 366 F.Supp.2d at 287; *Crawford,* 422 F.Supp.2d at 1213.

■ Here, USA FSI argues that because it assured the IRS that it would meet the terms of the installment payment agreement the IRS Appeals Officer should have accepted the proposal. (Compl.¶¶ 11(b), 13.) Although the Appeals Officer was required to consider USA FSI's proposal, it was not required to accept it where there was evidence that the installment payment agreement would be futile.[4] 26 U.S.C.A. § 6159(c)(1); *see also Crawford,* 422 F.Supp.2d at 1214.

Additionally, the Court USA FSI has a history of unpaid tax liabilities. (*See* Compl. ¶ 6; Def.'s Mot. for Summ. J. ¶¶ 1, 9.) For instance, the current case involves USA FSI's tax liabilities dating back to the tax period ending in 1999. (Compl.¶ 6.) The IRS had to institute the present notice of levy action to recover these outstanding liabilities from USA FSI. (*Id.*) USA FSI argues that because the installment payment plan is allegedly secured by a line of credit, USA FSI will likely perform the agreement. (Compl.¶¶ 11(b), 13.) The short answer to this argument is if USA FSI's credit is that good, USA FSI should borrow on their line of credit and become current in the payment of all their tax liabilities and penalties and join the rest of the nation in paying their taxes on time. The Court finds that the IRS Appeals Officer's finding was not arbitrary, rather it was reasonable because it was based on USA FSI's history. Therefore, the Court grants summary judgment in favor of the IRS because the Appeals Officer's conclusion was reasonable.

### b. The Appeals Officer reasonably relied on USA FSI's current non-payment of unrelated tax liabilities.

The Court finds that the Appeals Officer did not abuse its discretion where the Appeals Officer determined that USA FSI's

---

4. Under 26 I.R.C. § 6159(5)(c)(1) the Secretary of the IRS is required to accept installment payment agreements when the underlying tax liability is less than $10,000. Here, the underlying tax liability exceeds $1 million dollars. (Def.'s Mot. for Summ. J. at 1.)

installment payment agreement was inappropriate because the Appeals Officer considered evidence that USA FSI is currently behind on unrelated tax liabilities in reaching his conclusion. "When an agency makes a determination without a rational explanation, has inexplicably departed from established policies, or rested on an impermissible basis, an abuse of discretion has occurred". *Dudley's Commercial and Industrial Coating, Inc. v. Comm'r,* 292 F.Supp.2d 976, 990 (M.D.Tenn.2003). In reviewing the Appeals Officer's finding, the district court should consider the facts of the case and determine whether the facts could warrant the Appeals Officer's conclusion. *See Reid,* 366 F.Supp.2d at 287.

Plaintiff claims that the Appeals Officer erred in denying its proposed installment payment agreement. (Compl.¶¶ 15–17.) Moreover, USA FSI argues that the Appeals Officer abused its discretion by failing to understand the compliance agreement Plaintiff proffered. (*Id.* ¶¶ 13, 16.)

Here, in addition to USA FSI's history of non-payment, there is also evidence that USA FSI is currently continuing its delinquent tax practices. (Carroll Decl. ¶ 6, Def.'s Mot. for Summ. J. ¶¶ 5–8.) Specifically, while considering USA FSI's proposal, the Appeals Officer learned that Plaintiff is also delinquent in its employee tax liabilities for the tax periods ending in December 31, 2004, and March 21, 2005. (*Id.*)

Even when the facts are examined in the light most favorable to USA FSI, as required on a motion for summary judgment, the Court still concludes that the Appeals Officer did not abuse its discretion. Based on USA FSI's current delinquent practices, a decision to reject USA FSI's proposal would be justifiable even with a misconstrued understanding of the agreement. Furthermore, USA FSI does not provide any support for its contention that the Appeals Officer misunderstood the agreement, except that the Appeals Officer rejected USA FSI's proposal. (*See* Compl. ¶ 13); *see Dudley Commercial and Indus. Coating,* 292 F.Supp.2d 976 (stating that 26 C.F.R. § 301.6159–1(b) gives the IRS discretion to accept or reject a taxpayer's proposed installment payment agreement and rejecting an installment payment agreement because a taxpayer was delinquent in current taxes is not an abuse of discretion.) Therefore, the Court concludes that it was reasonable for the Appeals Officer to deny USA FSI's installment payment agreement because of USA FSI's current outstanding tax liabilities.

For the stated reasons, the Court grants summary judgment in favor of the IRS as to USA FSI's appeal because it was reasonable for the Appeals Officer to reject USA FSI's proposed installment payment agreement in light of USA FSI's history of not paying tax liabilities and because USA FSI is also presently behind on other unrelated tax liabilities.

### 3. *USA FSI received a fair collection due process hearing.*

The Court grants summary judgment in favor of the IRS as to USA FSI's appeal because the Court finds that USA FSI received a fair collection due process hearing for two (2) reasons. First, the Court finds that USA FSI received a hearing as required and the Appeals Officer was impartial. Second, the Appeals Officer complied with 26 I.R.C. § 6330.

### a. USA FSI received a hearing and the Appeals Officer was impartial.

The Court holds that USA FSI received a fair CDP hearing because Plaintiff received a hearing as required and it was conducted before an impartial officer. To guarantee that taxpayers who are entitled

to a CDP hearing receive a fair process, 26 I.R.C. § 6330(b) requires that all taxpayers receive particular guarantees. 26 I.R.C. §§ 6330(b),(c)(1)-(2). First, the IRS Appeals Office must hold a hearing. § 6330(b); *see, e.g., Tilley v. United States*, 270 F.Supp.2d 731, 740 (M.D.N.C. 2003) (stating that a hearing with an Appeals Officer that is either face to face, by correspondence or by telephone will be sufficient to satisfy due process). Second, the hearing must be in front of an impartial officer whom has not had prior involvement with the unpaid tax that the IRS seeks to recover from the plaintiff. 26 I.R.C. § 6330(b)(3).

Here, USA FSI claims that the hearing lacked impartiality. (Compl.¶ 19.) However, the Court finds that USA FSI received all of the due process guarantees of a CDP hearing under 26 I.R.C. § 6630. First, USA FSI concedes that it received a CDP hearing on March 5, 2005, via telephone conference. (Compl.¶ 9.) Likewise, USA FSI's attorney was present for the hearing. (Carroll Decl. ¶ 5.) Secondly, on March 1, 2005, the Appeals Officer who was assigned to preside over the CDP requested, from USA FSI, all documents that USA FSI believed the Appeals Officer would need to evaluate a collection alternative. (Pl.'s Opp. at 3; Carroll Decl. ¶ 5.) USA FSI provided these documents to the Appeals Officer on March 7, 2005.[5] (Pl.'s Opp. at 3; Carroll Decl. ¶ 5.) Third, USA FSI concedes that it proffered its proposed installment payment agreement to the Appeals Officer during the CDP. (*Id.* ¶¶ 9, 11(b)-(c).) Lastly, as noted by

the government, "[the Appeals Officer] had no prior involvement with the unpaid taxes that the IRS was attempting to collect by levy" (Def.'s Mot. for Summ. J. ¶ 3), and here the Court finds no supported allegation by USA FSI to the contrary. Therefore, the Court finds that USA FSI received a fair CDP hearing because Plaintiff's hearing was conducted before an impartial officer.

### b. The Appeals Officer complied with 26 I.R.C. § 6330.

■ The Court finds that USA FSI received a fair CDP hearing because the Appeals Officer followed the necessary requirements under 26 I.R.C. § 6630. Under 26 I.R.C. §§ 6330(c)(3)(A)-(C), the Appeals Officer is required to consider all issues the plaintiff raises during the hearing and any information obtained from the verification investigation regarding the plaintiff's compliance with applicable law. 26 I.R.C. § 6330(c)(1).

Here, USA FSI claims that the Appeals Officer denied its right to a fair hearing because the Officer failed to comply with 26 I.R.C. § 6630 in concluding Plaintiff was not in compliance and failed to articulate the reasoning he used to arrive at his determination. (Pl.'s Br. at 9, Compl. ¶ 18.) However, the Court finds that the Appeals Officer complied with the requirements of § 6330 throughout the CDP process.

First, the Appeals Officer's decision to deny USA FSI's request for an installment payment agreement was, in part, based on

---

5. Despite USA FSI's own admission that it provided multiple documents in response to the Appeals Officer's request for documents USA FSI believed would support its request for an installment payment agreement, USA FSI argues that it was denied a fair due process hearing because it did not have an *opportunity to submit all necessary documen-* tation to the Appeals Officer. However, the Court notes that during the July 7, 2006, motions hearing in this case, the Court asked Plaintiff's Counsel three (3) times what additional documentation, if any, it would have submitted and Plaintiff's Counsel was unable provide an answer.

Plaintiff's current outstanding tax liabilities. (Carroll Decl. ¶ 6, Def.'s Mot. for Summ. J. ¶¶ 5–8.) The Appeals Officer's reliance on USA FSI's current tax practices indicates that the Appeals Officer performed the verification process required under 26 I.R.C. § 6630(c)(3)(A). The Court notes that USA FSI contests the Appeals Officer's determination that it was not in compliance with applicable law. Specifically, relying on the Internal Revenue Manual, Plaintiff argues that the law only requires that Plaintiff pay tax liabilities, not that the payment be on time. (Pl.'s Br. at 9.)

However, the Court finds that Plaintiff's interpretation of the law versus the Appeal's Officer's is an issue of mere language semantics that is not before the Court. Furthermore, Plaintiff's argument is even more unpersuasive because the provisions in the Manual are not codified in the Code of Federal Regulations. *Carlson v. United States,* 394 F.Supp.2d 321, 329 (D.Mass.2005); *Chavez v. United States,* No. EP–03–CA–303(KC), 2004 WL 1124914 (W.D.Tex. May 18, 2004.) The Manual is intended only to aid the IRS internally, and is not mandatory authority. *Carlson v. U.S.,* 394 F.Supp.2d 321, 329 (D.Mass.2005); *Chavez v. U.S.,* No. EP–03–CA–303(KC), 2004 WL 1124914. Although the outcome of the verification is in dispute, USA FSI does not assert that the verification was not conducted. The evidence that the Appeals Officer verified whether Plaintiff was in compliance sufficiently shows that the Appeals Office complied with the law and performed the required enumerated duties under 26 I.R.C. § 6330.

■ Secondly, USA FSI contends that the notice of determination was inadequate because it was not detailed. (Compl.¶¶ 12–14.) Specifically, Plaintiff argues that the notice of determination lacked an indication that the Appeal's Office considered USA FSI's assurances that it could satisfy its outstanding tax liabilities through the proposed installment payment agreement. (*Id.*) The Act does not require the Appeals Office's reasoning be articulated in a specific manner in the notice of determination. *See* 26 I.R.C. § 6330; *Carlson,* 394 F.Supp.2d at 328–29. Here, the Appeals Officer stated and explained his decision in the notice of determination. (Notice of Determination from Rex Carroll, the IRS Appeals Officer to USA FSI at 3 (April 28, 2005) ("Notice of Determination"), Ex. E to Carroll Decl.) ("Taxpayer filed a … U.S. Employer's Quarterly Tax Return for the period ending December 31, 2004, indicating a balance due. Furthermore, the [return] for the period ending March 31, 2005, seemed low. Given the history, there is little to suggest that this taxpayer will honor an agreement").

The Court finds that the notice of determination was a sufficient record for this Court to review the Appeals Officer's conclusion. Specifically, the notice of determination gave enough factual background to inform this Court of the events that led to the CDP hearing and contained sufficient analysis to inform this Court of how the Appeals Officer reached his decision to deny the agreement. *See Mesa Oil v. United States.,* No. 00–B–851, 2000 WL 1745280, at *1 (D.Colo. Nov. 21, 2000) (holding that a notice of determination was an inadequate record where an Appeals Officer did not give a statement of facts or legal analysis in the notice of determination).

Thus, the Court finds that USA FSI was not denied a fair CDP hearing based on the lack of detail in the notice of determination. Therefore, the Court finds that USA FSI received a fair CDP hearing because the Appeals Office considered

Plaintiff's arguments and the notice of determination was suitable under 26 I.R.C. § 6630.

For the foregoing reasons, the Court grants summary judgment in favor of USA FSI's appeal because Plaintiff received a fair CDP hearing where a hearing was held, the hearing was conducted by an impartial officer, and the Appeals Officer complied with 26 I.R.C. § 6330.

## II. CONCLUSION

With respect to the first issue, the Court holds that it will proceed with hearing Defendant's Motion for Summary Judgment as to Plaintiff's appeal of the Appeals Officer's determination, even though the Tax Court is presently reviewing the Appeals Officer's decision.

With respect to the second issue, the Court grants summary judgment in favor of the IRS as to Plaintiff's appeal because (1) it was reasonable for the Appeals Officer to reject USA FSI's proposed installment payment agreement in light of USA FSI's history of not paying tax liabilities and (2) because USA FSI is also presently behind on other unrelated tax liabilities.

With respect to the third issue, the Court grants summary judgment in favor of the IRS as to USA FSI's appeal because the Court finds that USA FSI received a fair collection due process hearing for two (2) reasons. First, the Court finds that USA FSI received a hearing as required and the Appeals Officer was impartial. Second, the Appeals Officer complied with 26 I.R.C. § 6330.

For the foregoing reasons, it is hereby

ORDERED that Defendant the Internal Revenue Service's, Motion for Summary Judgment under Federal Rule of Civil Procedure 56(c) is GRANTED.

The Clerk is directed to forward a copy of this Order to counsel of record.